## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | | |
|---|---|---|
| **BYRON DONNELLE CLAY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 3:25-cv-00144-TES-AGH** |
| **v.** | : | |
| | : | |
| **Detention Deputy PRESSLY, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER OF DISMISSAL

*Pro se* Plaintiff Byron Donnelle Clay, an inmate at the Walton County Jail in Monroe, Georgia, filed a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff was granted leave to proceed *in forma pauperis* and was ordered to pay a required partial filing fee. ECF No. 4. Plaintiff has paid that fee. This civil action is now ripe for preliminary review.

### PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.    Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When performing this review, the court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent

standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived her of a right, privilege, or immunity secured by the Constitution or a

statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.    <u>Plaintiff's Allegations</u>

Plaintiff's claims arise from his incarceration in the Walton County Jail. ECF No. 1 at 3. Plaintiff complains that at 8:50 am on August 1, 2025, "the sink started putting water all over the floor." *Id.* at 6. Plaintiff states that he and his cellmate "informed Officer Pressly that [they] needed flood blankets to get the water up" and Defendant Pressly said he would get them. *Id.* Plaintiff also informed another corrections officer at 10:20 am and 11:20 am that "the situation with the water was getting out of hand." *Id.* Plaintiff complains that "between the times of 12:10 pm and 12:45 pm", his cellmate "slipped and [Plaintiff] tried to catch him and [they] both fell." *Id.* Plaintiff was taken to medical where a nurse "put in for x-rays" and he was "given ice packs and pain meds for the pain." *Id.* at 7. Plaintiff seeks declaratory and injunctive relief as well as damages. *Id.* at 11.

III.    <u>Plaintiff's Claims</u>

*Defendant Walton County Sheriff's Office*

Plaintiff has named the Walton County Sheriff's Office as a Defendant. ECF No. 1 at 1, 5. However, federal courts have long recognized that sheriff's departments, county detention facilities, and police departments are not legal entities subject to suit or liability

3

under 42 U.S.C. § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (advising that "sheriff's departments and police departments are not usually considered legal entities subject to suit . . . ."); *Bunyon v. Burke County*, 285 F. Supp.2d 1310, 1328 (S. D. Ga. 2003**)** (dismissing claim against police department, reasoning that it was not a legal entity subject to suit); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N. D. Ga. 1984) (concluding that the City of Atlanta Police Department is not a proper defendant because it is "merely the vehicle through which the City government fulfills its policing function"). Thus, Plaintiff's claims against the Walton County Sheriff's Office must be dismissed because they are not entities subject to suit in a 42 U.S.C. § 1983 action.

### *Defendant Sheriff Keith Brooks*

Plaintiff does not provide any allegations or present any claims specifically regarding Defendant Brooks. *See* ECF No. 1. A district court properly dismisses a claim when the plaintiff, other than naming a defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation. *Douglas v. Yates***,** 535 F.3d 1316, 1322 (11th Cir. 2008) (affirming dismissal of defendants that plaintiff failed to "associate" with an alleged constitutional violation) (citing *Pamel Corp. v. P.R. Highway Auth*., 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) ("section 1983 requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional

4

deprivation"); *Butler v. Georgia,* No. 22-10291, 2022 WL 17484910, at *2 (11th Cir. Dec. 7, 2022) ("The plaintiff's allegations must connect the defendants with the alleged constitutional violation.").

To any extent Plaintiff named Keith Brooks as a Defendant based solely on his supervisory role as Sheriff, Plaintiff still has failed to state a viable claim.   It is well-settled in the Eleventh Circuit that supervisory officials cannot be held liable under § 1983 solely on the basis of *respondeat superior* or vicarious liability. *See, e.g., Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999); *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam) (internal quotation marks omitted) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous.").   Instead, to establish liability against a supervisor, a prisoner must allege facts showing a causal connection between the supervisory defendants' actions and an alleged constitutional violation such as the supervisor personally participated in the alleged constitutional violation, directed their subordinates to act unlawfully, or knew their subordinates would act unlawfully but the supervisor failed to stop them.     *Keating*, 598 F.3d at 762.   Here, Plaintiff has made no showing of a causal connection between a constitutional violation and any action of Defendant Brooks in his supervisory role as Sheriff.   *See Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866-67 (11th Cir. 2008) (*per curiam*) (rejecting claim where the plaintiff failed to allege decision making officials took specific actions amounting to a constitutional violation); *Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th

Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

For the reasons set forth, Plaintiff's claims against Defendant Sheriff Brooks is subject to dismissal.

*Defendant Detention Deputy Pressly*

Plaintiff claims that his "8th and 14th Amendment rights have been violated" when he was injured because "water was on the floor and [] Officer Pressly refuse to help [] with getting the water off the floor". ECF No. 1 at 7, 9. Corrections officials may be held liable under either the Eighth Amendment (convicted prisoners) or the Fourteenth Amendment (pretrial detainees) for acting with "deliberate indifference" to an inmate's health or safety when the official knows that the inmate faces "a substantial risk of serious harm" and disregards that risk by failing to take reasonable measures. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (citations omitted); *see also Swain v. Junior*, 961 F.3d 1276, 1285 (11th Cir. 2020) (quoting *Dang ex rel. Dang v. Sheriff, Seminole Cnty. Fla.*, 871 F.3d 1272, 1279 (11th Cir. 2017)) ("Although the plaintiffs' claim technically arises under the Fourteenth Amendment because they are pretrial detainees rather than convicted prisoners, it is 'evaluated under the same standard as a prisoner's claim of inadequate care under the Eighth Amendment.'").

A prisoner asserting a deliberate indifference to safety claim must allege (1) a

substantial risk of serious harm; (2) the prison officials' deliberate indifference to that risk; and (3) causation. *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013). Deliberate indifference in the Eleventh Circuit amounts to "'subjective recklessness as used in the criminal law,'" which requires a plaintiff to "demonstrate that the defendant actually knew that his conduct—his own acts or omissions—put the plaintiff at substantial risk of serious harm." *Wade v. McDade*, 106 F.4th 1251, 1251 (11th Cir. 2024) (en banc) (quoting *Farmer*, 511 U.S. at 839); *see also Swain*, 961 F.3d at 1285–86 (quoting *Farmer*, 511 U.S. at 834, 839–40) ("[T]he deliberate-indifference standard sets an appropriately high bar. A plaintiff must prove that the defendant acted with 'a sufficiently culpable state of mind. ... Ordinary malpractice or simple negligence won't do; instead, the plaintiff must show "subjective recklessness as used in the criminal law.'").

Plaintiff's allegations, read liberally and accepted as true, do not support an inference that Defendant Pressly violated any constitutional or federal rights sufficient to maintain an action under § 1983.   Indeed, federal courts have repeatedly held that slip and fall incidents on wet floors in correction facilities do not violate the Eighth or Fourteenth Amendments and instead amount to claims sounding in negligence. *See e.g., Hunter v. Riverbend Corr. Facility*, No. 22-11599, 2023 WL 6389817, at *4 (11th Cir. Sept. 29, 2023), *cert. denied sub nom. Hunter v. Morris, et al*., No. 24-5566, 2024 WL 4743136 (U.S. Nov. 12, 2024) (affirming district court's dismissal of plaintiff's claims finding that condensation on a prison floor does not rise "to the level of an extreme condition that pose[s] an objectively intolerable risk of harm" and that an "alleged failure to remedy the

situation is something more akin to negligence" (internal citations omitted).); *Davis v. Hamilton*, No. 21-81906-CIV, 2022 WL 1301733, at *2 (S.D. Fla. Feb. 8, 2022), *reconsideration denied*, No. 21-81906-CIV, 2022 WL 1301706 (S.D. Fla. Mar. 25, 2022), *appeal dismissed sub nom. Davis v. Fla. Dep't of Corr*., No. 22-11332-G, 2022 WL 14177186 (11th Cir. Sept. 12, 2022) (dismissing plaintiff's claim about injuries sustained due to a slippery shower floor and stating that "negligence does not rise to the level of a constitutional claim actionable under § 1983");  *Beasley v. Anderson*, 67 F. App'x 242 (5th Cir. 2003) (finding that prisoner's claim that he fell on a slippery shower floor sounded in negligence and was insufficient to allege a constitutional violation); *Bell v. Ward*, 88 F. App'x 125, 127 (7th Cir. Feb. 6, 2004) (holding that "wet floors do present a possibility that inmates might slip" but they "do not suggest a substantial risk of serious harm that reflects the deliberate indifference required to impose liability under the Eighth Amendment."); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (holding that standing water that caused fall did not pose objectively serious risk to prisoner, even where prison officials knew of the hazard prior to prisoner's fall); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment").  Accordingly, Plaintiff's allegations about a leaking sink resulting in a slippery floor upon which he was injured amount to no more than an assertion of general negligence for failing to maintain the premises in a reasonably safe condition.

Because Plaintiff has not established that Defendant Pressly was deliberately

8

indifferent to his safety in violation of his constitutional rights, Plaintiff has failed to state a valid § 1983 claim and his claim is subject to dismissal.

III.  <u>Conclusion</u>

For the foregoing reasons, Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.  Because Plaintiff's complaint is dismissed, his motion for preliminary injunctive relief (ECF No. 6) is **DENIED**.

**SO ORDERED**, this 2nd day of January, 2026.

<u>S/ Tilman E. Self, III</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**